

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 28, 1993

Lawrence R. Jacobi, Jr., P. E.
General Manager
Texas Low-Level Radioactive
 Waste Disposal Authority
7701 North Lamar Blvd., Suite 300
Austin, Texas 78752

Opinion No. DM-198

Re: Whether section 402.272(a), 402.2721, or 402.273(b) of the Health and Safety Code requires the Texas Low-Level Radioactive Waste Disposal Authority to impose waste disposal fees or planning and implementation fees sufficient to reimburse the general revenue fund for interest on amounts received from the fund to finance the pre-operation expenses of the low-level radioactive waste disposal site (RQ-125)

Dear Mr. Jacobi:

The Texas Low-Level Radioactive Waste Disposal Act (the "act") is codified as chapter 402 of the Health and Safety Code. Health & Safety Code § 402.001.[1] The act requires the Texas Low-Level Radioactive Waste Disposal Authority (the "authority") to develop and operate a facility in Texas for the disposal of low-level radioactive waste. *Id.* §§ 402.002(c); 402.003(7); 402.052.[2] The expenses of the authority in so doing are to be paid in part from waste disposal fees, planning and implementation fees, proceeds from the sale of bonds, and legislative appropriations. *Id.* § 402.271. We understand you to ask whether section 402.272(a), 402.2721, or 402.273(b) of that chapter requires the authority to impose a waste disposal fee or a planning and implementation fee sufficient to reimburse the general revenue fund for interest on amounts received from the fund to finance the pre-operation expenses of the low-level radioactive waste disposal site. We conclude that they do.

When read together, sections 402.272(a), 402.2721, and 402.273(b) require the authority to recover all pre-operation expenses of selecting, seeking approval for, characterizing, constructing, and licensing a disposal facility as part of the planning and implementation fee or as part of the waste disposal fee in the event bonds are not issued

---

[1]*See* Acts 1989, 71st Leg., ch. 678, § 1, at 2762 (codifying the act).

[2]*See also* Health & Safety Code § 402.212(a) (authorizing authority to contract with a political subdivision, an agency of the state, or a private entity to operate the completed facility).

under subchapter K.[3] *See* Gov't Code § 311.026(a) (provision of Code Construction Act stating that effect should be given to both general and specific provisions where possible). If the pre-operation expenses are recovered through the waste disposal fee, section 402.273(b) requires in addition that the pre-operation expenses be amortized over 20 years starting with the date the disposal facility begins operations.

We now turn to the relevant language of those sections. Section 402.273(b) provides:

> If the authority does not issue bonds under subchapter K, the waste disposal fees must also include an amount *sufficient to allow the authority to recover expenses incurred before beginning operation of the disposal site amortized over a period of not more than 20 years beginning on the first day of operation of the disposal site.*[4] [Footnote and emphasis added.]

The emphasized language is identical to that enacted in 1981 by Senate Bill 1177, the bill that created the authority and authorized it to develop a low-level radioactive waste disposal facility. Acts 1981, 67th Leg., ch. 273, § 4.02(c), at 725; *see also id.* § 3.04, at 717.

The waste disposal fees to which section 402.273(b) refers are the fees that section 402.272(a) requires the authority to collect from persons who deliver low-level radioactive waste to the disposal facility on its completion. *See* Acts 1981, 67th Leg., ch. 273, § 4.02(a), at 724 (almost identical language to that now codified as part of § 402.272(a)). Section 402.272(a), as amended by Senate Bill 2 during the 72d Legislature's first called session, also requires the authority to collect a planning and implementation fee. Acts 1991, 72d Leg., 1st C.S., ch. 3, § 5.01, at 73. The amended section 402.272(a) further provides in pertinent part that the waste disposal fee and the planning and implementation fee:

> shall as closely as possible allow the [authority's] board to reimburse itself for the present costs of administering, implementing and

---

[3]Subchapter K was added to the act during the 1991 regular session. *See* Acts 1991, 72d Leg., ch. 804, § 8, at 2812-20. That subchapter authorizes the authority to issue revenue bonds "to reimburse the general revenue fund for the expenses incurred and paid by the authority in selecting, seeking approval for, and constructing a disposal site." Health & Safety Code § 402.291(a)(1). Whether or not bonds are issued, section 402.273(a) expressly requires the waste disposal fee to be sufficient to cover various facility costs, including operating and maintenance costs, future facility closing costs, and licensing and security costs. The interest expense at issue here is not one of the expressly enumerated costs.

[4]The same bill that added subchapter K to the act enacted new section 402.273(b) and deleted the language emphasized above from section 402.273(a)(2). Acts 1991, 72d Leg., ch. 804, § 6, at 2816-17.

> planning the activities authorized by this chapter and to reimburse the general revenue fund for the expenses incurred and paid by the authority in selecting, seeking approval for, and constructing a disposal site.

*Id.*; *see also* Health & Safety Code § 402.003(3) (defining "board" to mean the board of directors of the authority).[5]

The 72d Legislature subsequently added section 402.2721 to the act during the first called session to clarify that the planning and implementation fee is to be collected currently and from a narrower class of persons than the waste disposal fee. Acts 1991, 72d Leg., ch. 5, § 17.02, at 195-6. That narrower class excludes health care providers and institutions of higher education, but includes persons licensed by the United States Nuclear Regulatory Commission to operate fixed nuclear facilities in this state. Section 402.2721 provides in part that the planning and implementation fee shall:

> (1) include at least $5 million to reimburse the general revenue fund for appropriations expended and incurred by the authority in selecting, characterizing, and licensing a disposal site; [and shall]
>
> . . . .
>
> (4) be deposited in the state treasury to the credit of the low-level waste fund, except that at least $10 million assessed and collected in the 1992-1993 biennium to reimburse the general revenue fund for expenses incurred prior to September 1, 1991, shall be deposited in the state treasury to the credit of the general revenue fund.

Health & Safety Code §§ 402.2721(b)(1), (4).[6]

Sections 402.272(a), 402.2721, and 402.273(b) specifically require the authority to collect a planning and implementation fee, or in the event revenue bonds are not issued, a waste disposal fee, *sufficient to reimburse* the general revenue fund for pre-operation

---

[5]In Attorney General Opinion DM-101 (1992), this office recognized that chapter 402 creates an inverse relationship between the waste disposal fee and the planning and implementation fee. *Id.* at 4. Consequently, the amount of waste disposal fees the authority must collect in the future is reduced by the amount of planning and implementation fees used to reimburse the general revenue fund for the authority's pre-operation expenses.

[6]The authority has adopted rules assessing planning and implementation fees for the state's fiscal years 1992 and 1993. *See* Tex. Low-Level Radioactive Waste Disposal Auth., 16 Tex. Reg. 5718-19 (1991), adopted 16 Tex. Reg. 7019 (codified as 31 T.A.C. §§ 450.1 - 450.4). We understand that the fees assessed for fiscal years 1992 and 1993 did not in whole or part reimburse the general revenue fund for the interest expense at issue here. The planning and implementation fee expires on the date the authority begins operation of the disposal facility. Health & Safety Code § 402.2721(b)(6).

expenses incurred or paid by the authority. These sections, however, do not expressly require the recoupment of the interest expense at issue here. You ask, however, whether the requirement in section 402.273(b) that the pre-operation expenses be *amortized* over a period of not more than 20 years establishes the legislature's intent that the waste disposal fee be sufficient to reimburse the general revenue fund for the interest expense at issue here. We conclude that it does.

The act does not define "amortized." Section 311.011 of the Code Construction Act and Texas case law instruct us to construe words and phrases used in statutes according to common usage. *See* 67 TEX. JUR. 3d *Statutes* § 100 (case authorities cited therein). "Amortization" commonly refers to the allocation of the cost of an asset over its estimated useful life by periodic charges to expense or to the reduction in an obligation or debt by periodic payments of principal usually with or at the same time as interest payments. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY at 72; BLACK'S LAW DICTIONARY 83 (6th ed. 1990); *see also American Nat'l Ins. Co. v. Schenck*, 85 S.W.2d 833, 837 (Tex. Civ. App.--1935, no writ) (recognizing that contract at issue required amortization of loan, that is, equal periodic principal and interest payments). Given the common meaning of "amortization," we conclude that the legislature intended the authority to recover through the waste disposal fee the interest expense associated with the general revenue funds used to develop and construct the disposal facility.[7]

We also conclude that the legislature intended the interest expense at issue here to be recouped through the planning and implementation fee. This result is supported by the language added to section 402.272(a) in 1991 stating that both the waste disposal fee and the planning and implementation fee must "reimburse the general revenue fund for the expenses incurred and paid by the authority in selecting, seeking approval for, and constructing a disposal site." Section 402.2721(b)(4), also added to the act in 1991, contains similar language requiring the planning and implementation fee to "reimburse the general revenue fund for the expenses incurred prior to September 1, 1991." Only if the interest expense at issue here is recouped through the waste disposal fee or the planning and implementation fee and the general fund reimbursed for financing that and other pre-operation expenses will the state be made whole for financing all costs associated with the disposal facility.[8]

---

[7]*See also* Bill Files to S.B. 1177 and H.B. 1533 (companion bill), 67th Leg. The bill analyses to both of these bills state that "[e]xpenses of the authority would be financed by user fees and legislative appropriations. Waste-disposal fees would be set high enough to allow the authority to recover . . . expenses incurred before site operation begins." *See generally* House Study Group, Daily Floor Reports 5/11/81 on H.B. 1533 and 5/14/81 on S.B. 1177.

[8]The Texas Comptroller of Public Accounts estimated in a 1991 study that as of August 31, 1990, the authority had incurred interest expense of $4,294,000 on the general revenue funds received through that date. That amount was calculated using an interest rate of eight percent compounded annually on $12,779,000, the amount the authority had received through direct and indirect appropriations from the general revenue fund through August 31, 1990. *See* Comptroller of Public Accounts 2(pt.2), BREAKING

You also ask what interest rate should be used to calculate the interest owed the general revenue fund, at what intervals and to whom payment should be made, and finally what is the appropriate mechanism for reimbursing the general revenue fund the interest expense owed the fund.   Section 402.053 authorizes the authority to consult and cooperate with other state agencies and to contract with such agencies as necessary to carry out its responsibilities under chapter 402. These provisions authorize the authority to consult with the Comptroller of Public Accounts and other appropriate state agencies to establish the procedures necessary to reimburse the general revenue fund for the interest expense at issue here. Thus, although we cannot advise you how to proceed to reimburse the general fund, we conclude that you are authorized by statute to work with the appropriate state agencies to select and implement the necessary reimbursement procedures.

## S U M M A R Y

Sections 402.272(a), 402.273(b), and 402.2721 of the Health and Safety Code require the Texas Low-Level Radioactive Waste Disposal Authority to recover as part of the planning and implementation fee or waste disposal fee the interest expense associated with amounts received from the general revenue fund to finance the pre-operation expenses of the low-level radioactive waste disposal site.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

(footnote continued)

THE MOLD: NEW WAYS TO GOVERN TEXAS at NR86 (July 1991) (also stating legislature intended all costs be reimbursed through disposal fees).

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Celeste A. Baker
Assistant Attorney General